BARRY, Judge.
The defendant was convicted of simple burglary of a vehicle, La.R.S. 14:62, and sentenced as a multiple offender to 12 years at hard labor. His only assignment of error argues that the trial court erred by sustaining the State’s objection to Terry Gorman’s testimony regarding statements made by her brother. We affirm.
Howard Anderson testified that on the night of February 7, 1988 he was bowling when his automobile was stolen. Officer Williams testified that he and his partner responded to a complaint that a car was being stripped in a driveway in the 3700 block of N. Dorgenois Street and they saw three subjects when they arrived. Officer Williams saw one of the men rummaging through the trunk. The three men ran into an apartment at 3749 N. Dorgenois. The officers knocked on the door and the defendant, who was only wearing shorts, opened the door. Both officers identified the defendant.
*13 Terry Gorman, the defendant’s girlfriend who lived with him and their children, testified that she left around 9:00 p.m. to walk her sister home. When she left the defendant was dressed in shorts and lying in the bed with the children. On her way home Ms. Gorman saw “some guys” near a car when someone yelled “police” and everybody ran into her apartment. She was afraid and went into a neighbor’s apartment. Although her testimony was cut off by a State objection, she insinuated that her neighbor’s sons were involved in stripping the car. She said the police had handcuffed the defendant by the time she got to her apartment. She told the police that the defendant had been in bed and the men who were standing by the car had run into her apartment.
Ms. Gorman testified that after the police left she went back to the neighbor’s house and heard someone inside talking. The State objected on hearsay grounds and was sustained. The defense then asked Ms. Gorman if she learned later who was involved. She responded that her brother was involved. The State’s objection was again sustained. Ms. Gorman said after the police left, the men who had run into her apartment told her the defendant had not been involved. Ms. Gorman stated that she informed the District Attorney’s Office before telling defense counsel and a stipulation was entered. She saw her brother after the incident and she claimed he told her: “Mitchell didn’t—.” The State’s objection was sustained.
Defense counsel (by proffer) submits that statements made to Ms. Gorman by the alleged perpetrators should have been admitted and were not hearsay. The defendant argues that the statement made by Ms. Gorman’s brother was a declaration against interest and admissible as an exception to the hearsay rule. No testimony or evidence was proffered.
Hearsay is an out of court statement which is offered in court to show the truth of the matter asserted. Its value rests on the credibility of the out of court asserter. A statement is excluded as hearsay when its value rests on the credibility of the out of court asserter who is not subject to cross examination. State v. Martin, 458 So.2d 454 (La.1984).
A declaration against penal interest is a recognized exception to the hearsay rule that is admissible when the declarant is unavailable at trial and when there is additional evidence indicating that the statement is reliable. State v. Rushing, 464 So.2d 268 (La.1985), cert. denied 476 U.S. 1153, 106 S.Ct. 2258, 90 L.Ed.2d 703 (1986), citing State v. Gilmore, 332 So.2d 789 (La.1976).
In Chambers v. Mississippi, 410 U.S. 284, 93 S.Ct. 1038, 35 L.Ed.2d 297 (1973), the U.S. Supreme Court held that a declaration against penal interest could be allowed pursuant to the defendant’s fundamental constitutional right to present witnesses in his own defense if the surrounding circumstances provide a considerable assurance of the reliability of the statement. In Chambers the declarant confessed to the murder of a police officer on four different occasions, one of which included a sworn statement to defense counsel. The other three statements were self-incriminatory and unquestionably against interest, and were spontaneous utterances to close acquaintances shortly after the murder had occurred. Each statement was corroborated by independent evidence. The fact that the declarant owned the same caliber revolver as the gun used in the murder, was present at the scene of the crime, and was seen with a gun in his hand at the time of the murder corroborated the statements. The declarant later repudiated his confessions at a preliminary hearing and during State cross examination at trial. The Supreme Court held that the testimony “bore persuasive assurances of trustworthiness and thus was well within the basic rationale of the exception for declarations against interest.” 410 U.S. at 302, 93 S.Ct. at 1049.
The Louisiana Supreme Court reached a similar result in State v. Gilmore, 332 So.2d at 789, a case in which the declarant died shortly after confessing to the bar’s owner that he killed the victim, who had been shot outside the bar the night before. *14 There was evidence that the declarant had struggled with the victim and his brother over a gun moments before the fatal shot and that the declarant confessed to another person in addition to the bar owner. The Court recognized the declaration against penal interest exception and held the statement was admissible.
Since Gilmore our Supreme Court has scrutinized the corroborating evidence and unavailability of the declarant at trial. In State v. Rushing, 464 So.2d at 268, a declarant merely stated to his jailer that the defendant “just was with” him at the time he shot the victim/cab driver and that the defendant “didn’t know what” he was going to do. The declarant refused to testify at trial and invoked his constitutional privilege against self-incrimination. The Court held that the statement was not incriminating and against the declarant’s penal interest and excluded the jailer’s testimony. Because no corroborating evidence was introduced to support the statement, the Court held that the statement was suspect, was subject to different interpretations, and was properly excluded.
In State v. Adams, 550 So.2d 595 (La.1989), the trial court did not allow testimony from a newspaper reporter who heard inculpatory statements made in the hall outside the courtroom by a person whose charges had been nolle prosequied. The declarant, who was psychiatrically evaluated because of serious head injuries, asked to testify but invoked the Fifth Amendment on the stand. The Court held that the confession to the murder made four years after the crime was properly excluded due to its questionable reliability and the absence of corroborating evidence linking the declarant to the crime.
In this case the proffer only contains defense counsel’s arguments, not what Ms. Gorman’s brother said to her. However, it is apparent that the brother’s statement would have been that the defendant was not involved.
The listing of Ms. Gorman’s brother’s name and address on the defense subpoena request and the June 7, 1988 trial minute entry which noted that instanter subpoenas were issued for all defense witnesses “due to a missing witness for the defense” indicate his unavailability. However, it is questionable that the brother’s statement was clearly against his penal interest. There was no proof that the declarant’s statement was reliable nor was there corroborating evidence which linked Ms. Gor-man’s brother to the crime and exonerates the defendant. The trial court correctly refused the hearsay testimony.
Additionally, despite the State’s objections, Ms. Gorman testified that her brother and “other guys” told her that the defendant was not involved and she learned that her brother was involved. The gist of the statement and the circumstances surrounding the statement were heard by the jury even though the court maintained the State’s objections.
The assignment has no merit.
We have reviewed the record for errors patent and there are none.
The defendant’s conviction and sentence are affirmed.
AFFIRMED.